# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GREGORY MONROE,

    Plaintiff,

vs.

SGT. ROGERS, *et al.*,

    Defendants.

3:08-cv-00003-LRH-RAM

ORDER

This prison civil rights action comes before the Court on the plaintiff's motion (#26) with a prayer specifying relief requested, on the plaintiff's motion (#33) for default judgment, and further following upon waivers of a reply pursuant to 42 U.S.C. § 1997e(g)(1) by the defendants (## 31 & 32).

The plaintiff's motion (#26) with a prayer specifying relief requested will be denied. If plaintiff wishes to obtain relief from officials at Ely State Prison, he will need to bring a civil action against those officials. The present civil rights action against two officers at a detention center in North Las Vegas is not a clearing house for the plaintiff's other disputes with officials at other facilities.

Turning to the waivers of reply (## 31 & 32), the defendants have waived the filing of a reply to the amended complaint pursuant to the following provision:

> Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.

42 U.S.C. § 1997e(g)(1).

The statute further provides, however:

> The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

42 U.S.C. § 1997e(g)(2).

The Court previously screened the complaint under 28 U.S.C. § 1915A and determined that the complaint should proceed to service and a response. #15. The Court finds that plaintiff has a reasonable opportunity to prevail on the merits. The Court trusts that counsel in future will not invoke § 1997e(g)(1) in such a dilatory manner in a case that previously has been screened and in which service has been ordered. The Court orders service of the screened pleading so that a reply may be filed and the matter may move forward to a resolution. Neither Congress nor the Court contemplates a vain and useless scenario in which a screened complaint is served but no reply then is required under Section 1997e(g)(1).

The motion for default judgment will be denied as premature, but the denial of the motion is without prejudice to the plaintiff's ability to seek a default under Rule 55 if the defendants do not file a timely response as directed by this order.

IT THEREFORE IS ORDERED that the plaintiff's motion (#26) with a prayer specifying relief requested is DENIED.

IT FURTHER IS ORDERED that the defendants shall respond to the complaint within twenty (20) days of entry of this order.

IT FURTHER IS ORDERED that the motion (#33) for default judgment is DENIED.

DATED this 6th day of October, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE